■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER DI SALVO, Appellant.— Appeal by defendant from two judgments of the County Court of Nassau County, rendered April 6, 1962 upon his plea of guilty, convicting him of robbery in the second degree in each case, and imposing sentence upon him as a second felony offender in each case. Judgments reversed on the law, and matter remitted to the County Court of Nassau County for resentence of the defendant and for further proceedings not inconsistent herewith. We

have not considered any questions of fact. On May 10, 1961 defendant, who was represented by retained counsel, pleaded not guilty to the crimes charged in the two indictments. On October 23, 1961 defendant, appearing with counsel, withdrew his prior pleas of not guilty to each indictment and pleaded guilty to robbery in the second degree under the first count of each indictment, in satisfaction of both indictments. On February 16, 1962 defendant's counsel, with the court's consent, withdrew from the case, and defendant was given an opportunity to obtain new counsel. Defendant retained new counsel, and after several adjournments for sentence the matter appeared on the calendar on April 6, 1962. On that date an office associate of defendant's counsel requested an adjournment on the ground that for the past week counsel had been actually engaged in a trial in Chicago and that he was still so engaged. The application was denied. The court thereupon immediately assigned the office associate of defendant's counsel to represent the defendant; and the court made such assignment despite such associate's vigorous protest on the ground that he was completely unfamiliar with the facts in the case. Defendant was thereupon sentenced as above indicated. In our opinion, the denial of the adjournment so as to enable counsel of the defendant's choice to be present at the sentence deprived the defendant of a substantial, constitutional right (N. Y. Const., art. I, § 6; *People* v. *Hannigan,* 7 N Y 2d 317; *People* v. *Price,* 262 N. Y. 410; *People* v. *Page,* 17 A D 2d 782). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.