■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE PEREZ, Appellant.—Judgment of the Supreme Court, Bronx County rendered August 12, 1977, convicting defendant, on his plea of guilty, of attempted murder in the second degree and sentencing him as a predicate felon to an indeterminate term of 8 to 16 years, to run consecutively with defendant's undischarged time on prior sentences, is unanimously reversed, on the law, on the facts and as a matter of discretion ·in the interest of justice to the extent of vacating the sentence and remanding the case for resentencing before another Justice. When defendant was scheduled to be sentenced, his Legal Aid Society attorney was not present in court. Despite being informed of the reason for the attorney's absence and advised that the attorney would appear shortly the court made the following comments: "All right. You heard, Mr. Perez. You don't understand, Mr. Perez? You see, lawyers who get home late, the whole world revolves around them; the court system, the prisons. They all wait. They don't call at 9:30 until you call them. You learn that some day; that the whole world runs for these lawyers. If you want to discharge your lawyer, you can sentence yourself *pro se.*" Defendant immediately agreed to do so and the sentencing proceeded with one Robert Balancia, who is not otherwise identified, aiding defendant. Although he had previously plea bargained for the sentence which was imposed during the sentencing the defendant made two unsuccessful attempts to mitigate that sentence. Unfortunately the court's remarks had the coercive effect of pressuring the defendant to proceed without counsel thus depriving him of

his constitutional right to effective assistance of counsel at "the crucial stage of sentencing." *(People v Gonzalez,* 43 AD2d 914, 915; *People v Ward,* 47 AD2d 891.) Concur—Silverman, J. P., Fein, Lane, Yesawich and Sandler, JJ.