■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WATKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 9, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On July 7, 1976 Detective Heyward met with a confidential informant on a street in the City of Yonkers. The pair then walked to the vicinity of a railroad bridge where the informer introduced Heyward to the appellant. Heyward asked the appellant if he would sell him narcotics. After the appellant asked Heyward how much he wanted and Heyward told him that he wanted "one", the informer left the area. The appellant then gave Heyward a packet of heroin and Heyward paid the appellant $10. When the actual sale took place, the informer was approximately 200 feet away. At the trial, the People did not produce the confidential informant. On cross-examination, the defense asked Heyward whether the informer, whom counsel named, was present when Heyward had his initial conversation with the appellant. Up to that point in the trial, there had been no mention of the informant's name, but Heyward had referred to the presence of a confidential informant. The appellant took the stand and testified that on the day in question, he was approached by the informer and asked if he had narcotics. Appellant claimed that he told the informer that he did not, that the informer then went across the street where he spoke to Heyward and that they walked away. The appellant testified that he never spoke to Heyward. The principal issues on appeal relate to the failure of the prosecution to produce the confidential informant at the trial and the refusal of the court to charge the jury as to the failure to produce him. The defense, however, never requested production of the

confidential informant. It never questioned the prosecution about its ability to locate the informer or its knowledge of his whereabouts. There is no evidence that the defense attempted to subpoena the informer or in any way tried to locate him. Instead, defense counsel chose merely to comment in his summation on the failure to produce the informant. Under such circumstances, we hold that in the absence of an affirmative showing by the appellant that the testimony of the informant would tend to be exculpatory or create a doubt as to the reliability of the prosecutor's case, his nonproduction did not constitute reversible error (cf. *People v Jenkins*, 41 NY2d 307). Nor was it error for the court to refuse to charge the jury as to the failure of the prosecution to call the informer as a witness. It is well established that an unfavorable inference may arise when a party fails to call a witness under his control who is shown to be in a position to give material evidence *(People v Rodriguez*, 38 NY2d 95; *People v Brown*, 34 NY2d 658; *People v Valerius*, 31 NY2d 51). In the instant case, there is no proof in the record that the informer was under the control of the prosecution at the time of trial, and such control may not be inferred merely from the fact that he was a police informant at the time of the commission of the crime. We have considered the appellant's remaining contentions and have found them to be without merit. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.