THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JENKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 23, 1975, convicting him of three counts of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. Defendant was tried on consolidated indictments charging him with three sales of heroin in February and March of 1974 to an undercover police officer. The theory of the defense was that the defendant had merely acted as the purchaser's agent in each of the above transactions and that he was not, therefore, chargeable with the sales (see *People v Argibay,* 45 NY2d 45, cert den *sub nom. Hahn-Di Guiseppe v New York,* 439 US 930; *People v Lam Lek Chong,* 45 NY2d 64, cert den 439 US 935; *People v Roche,* 45 NY2d 78, cert den 439 US 958). Moreover, the trial evidence could be interpreted as supporting the defendant's theory, as the witnesses for the prosecution testified, *inter alia,* that on every occasion on which a sale had been made, the defendant would disappear with the "buy" money and then return either minutes or hours later and deliver the narcotics (either directly or indirectly) to the undercover "purchaser". At

this point, the *buyer* would apparently "compensate" the defendant, so that it could be (and was) argued that defendant's only profit from each of these transactions was the narcotics and/or money which he received from the undercover officer. Given this uncontroverted evidence of "benefit" to the defendant, it is our view that the trial court did not adequately instruct the jury on how to determine whether the defendant had acted solely as the buyer's agent in any or all of the transactions at issue. Thus, although the charge did indicate that if the circumstances surrounding the sale were "devoid of personal gain, motive or complicity with the sale, then you must acquit the defendant", since the evidence had indicated that there *were* certain elements of personal gain, we believe that the jury had to be told that the mere acceptance of a benefit by the defendant did not necessarily preclude the existence of an agency relationship with the purchaser (see *People v Roche, supra,* p 85). As nothing in the charge would have indicated to the jury the direction that they were to take on this issue, the judgment must be reversed and a new trial ordered. In addition, there was a further error committed in the trial court's admission into evidence, over objection, of a statement by the undercover officer that the unidentified informant had introduced him to the defendant for the purpose of putting him in contact with a person "who was selling drugs." This hearsay opinion regarding the defendant's character was inadmissible and tended to undercut the defendant's agency defense. Moreover, it was particularly egregious in this case because the court had omitted from its charge several of the critical factors involved in determining the validity of an agency defense (see *People v Gonzales,* 66 AD2d 828), and had mentioned instead, only those elements recited above (viz., "personal gain, motive or complicity"), along with the factors of "a *common scheme* or previous pattern of sale as opposed to a single episode" and the defendant's familiarity with the drug trade in his area (emphasis added). Thus, the improperly admitted hearsay cannot be said to have been harmless, as it was directly related to one of the specifically mentioned factors, and, therefore materially impeded the efforts of the defense. Gibbons, Rabin and Gulotta, JJ., concur; Mangano, J. P., dissents and votes to affirm the judgment.