■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO S. DI RAFFAELE, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered March 13, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE W. DOLLINGER, Appellant.—Judgment of the County Court, Nassau County, rendered December 7, 1979, and, upon an appeal by permission, order of the same court, dated May 30, 1980, affirmed (see People v Frederick, 45 NY2d 520; People v Scott, 10 NY2d 380). This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES EARL FRASER, Also Known as CHARLES FRAZIER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 27, 1979, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Although sufficient evidence was adduced to support the jury verdict finding defendant guilty of attempted robbery in the second degree, the prosecutor improperly questioned the complaining witness regarding an out-of-court identification of defendant, in direct contravention of a prior court order which, following a hearing, suppressed evidence of such identification. The prosecution's use of the previously suppressed identification was per se reversible error (see Gilbert v California, 388 US 263). This error was compounded by the subsequent testimony of the arresting officer who testified that the complaining witness had identified defendant in the out-of-court identification. Thus, not only was the complaining witness' in-court identification of defendant enhanced by the improper testimony regarding the suppressed out-of-court identification, but that improper testimony itself was then improperly bolstered by the officer's testimony (see People v Trowbridge, 305 NY 471). We further note that it was not error to refuse defendant's request for a missing witness charge (see People v Watkins, 67 AD2d 717). Accordingly, defendant's conviction must be reversed and a new trial ordered. It is additionally noted that the District Attorney, with commendable candor, concedes that a new trial is required. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOBAN, Appellant.—Judgment of the County Court, Nassau County, rendered January 11, 1980, affirmed (see People v Friscia, 51 NY2d 845). The matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.