■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY JONES, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Scancarelli, J.), rendered November 17, 1983, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5).

Defendant was convicted of selling cocaine on three occasions in the summer of 1982 to an undercover police officer in a bar in Ossining, New York, where defendant was working as a bartender. On the first two occasions, defendant responded to the officer's requests for narcotics by procuring a quantity of cocaine for him, apparently from third parties who were present in the bar. Defendant, however, initiated the third transaction by approaching the officer and asking him whether he was interested in purchasing some "good stuff that he had". He demonstrated salesmanship and a familiarity with narcotics trafficking procedures and slang. On all three occasions, the undercover officer paid the purchase price directly to defendant in exchange for the cocaine. In addition, the officer gave defendant a $5 tip after the first two transactions were consummated.

We reject the defense contention that the evidence adduced at trial established, as a matter of law, that he should not be found guilty of selling or intending to sell narcotics because he participated in the transactions solely as an agent of the undercover police officer (see *People v Lam Lek Chong,* 45 NY2d 64, 73-74, cert den 439 US 935; *People v Roche,* 45 NY2d 78, 82-83, cert den 439 US 958). The evidence in this case, which consisted primarily of the testimony of the undercover officer, presented a question of fact for the jury as to whether defendant was acting as an agent of the purchaser or as a middleman who stood to benefit from the transaction independently or along with other narcotics dealers (see *People v Argibay,* 45 NY2d 45, 53, cert den *sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v Roche, supra,* p 83). There are no grounds for this court to disturb the jury's resolution of this issue against the defendant (see *People v McLeod,* 45 NY2d 95, affg 58 AD2d 747; *People v Tucker,* 96 AD2d 893; *People v Windley,* 78 AD2d 55).

The only objection to the instructions delivered by the Trial Judge with respect to the agency defense dealt with the applicability of that defense to the possession counts. The court advised the jury of the factors which may be used to determine whether an agency relationship existed with the buyer (see *People v Gonzales,* 66 AD2d 828; *People v Oliver,* 99 AD2d 789; *People v Bethea,* 73 AD2d 920). It would have been preferable for the Trial Judge to have provided the jury with more detailed guidance concerning the application of those factors to the evidence adduced at trial, particularly the fact that the receipt of some incidental financial benefit from the transaction, including a tip from the buyer, does not preclude the existence of an agency relationship (see *People v Lam Lek Chong,* 45 NY2d 64, 75, *supra; People v Jenkins,* 77 AD2d 912, 913; *People v Rodriguez,* 56 AD2d 545). Nevertheless, this portion of the charge was not objected to at trial and we decline to reach the issue in the interest of justice, as defendant received from the undercover officer the full purchase price for the cocaine, in addition to the tips, and there is no evidence that he transferred any of this money to third parties (cf. *People v Oliver,* 99 AD2d 789, *supra; People v Bethea,* 73 AD2d 920, *supra; People v Gonzales,* 66 AD2d 828, *supra*). The portion of the charge on the reasonable doubt standard was not objected to and, when viewed as a whole, adequately explained this concept to the jury (see *People v Canty,* 60 NY2d 830, 832; *People v Cruz,* 97 AD2d 518; *People v Ortiz,* 92 AD2d 595).

Defendant was not entitled to a charge on the entrapment defense, as he did not request such a charge at trial, did not introduce evidence in support of this affirmative defense, or in

any way put the People on notice that he was relying upon it. Nor is there any reasonable view of the evidence which would support such a defense (see *People v Thompson*, 47 NY2d 940, affg 59 AD2d 996; *People v Seale*, 47 NY2d 923; *People v Swindall*, 99 AD2d 820).

We have reviewed the defendant's other contentions and find them to be without merit. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.