■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. DONEGAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of selling quantities of cocaine and marihuana to an undercover police officer. Defendant's theory at trial was that he acted as the buyer's agent in each transaction. He argues on appeal that the trial court's instructions to the jury on the defense of agency foreclosed consideration of the existence of an agency relationship upon a finding that defendant received a benefit from the sales. We disagree. Assuming that an agency charge was appropriate in the circumstances of this case, the trial court properly charged the jury that the question of defendant's personal gain is an appropriate factor for their consideration (see, People v Argibay, 45 NY2d 45, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Lam Lek Chong, 45 NY2d 64, cert denied 439 US 935; People v Roche, 45 NY2d 78, cert denied 439 US 958).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Onondaga County Court, Sullivan, J.—criminal sale of controlled substance, third degree, and other offenses.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. TOMASSI, Appellant.—Judgment unanimously affirmed. Memorandum: The findings of fact made by the suppression court are fully supported in the record and demonstrate that the police had probable cause to believe that defendant's vehicle contained contraband. The police were thus free, without a warrant, to stop and search the automobile and its contents (United States v Ross, 456 US 798; People v Langen, 60 NY2d 170, cert denied 465 US 1028).

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal possession of marihuana, first degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.