■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BRADLEY, Appellant.—Appeal by defendant from a

judgment of the Supreme Court, Queens County (Lakritz, J.), rendered November 22, 1982, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's claim, the trial court properly refused to charge the jury on the defense of entrapment inasmuch as an examination of the record discloses that the activities of the police constituted no more than conduct merely offering defendant an opportunity to commit the offense (*see, People v Mapp*, 47 NY2d 939; *People v Thompson*, 47 NY2d 940; *People v Seale*, 47 NY2d 923; *cf. People v Sundholm*, 58 AD2d 224). The trial court also properly declined to give the jury a missing witness charge with respect to the prosecution's failure to call the three members of the "buy and bust" back-up team to testify inasmuch as defendant made no showing that any testimony given would be anything other than cumulative (*see, People v Douglas*, 54 AD2d 515; *People v Moore*, 17 AD2d 57, *cert denied* 371 US 838). We have considered defendant's other claims and we reject them. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.