■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LENNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Orange County (Ingrassia, J.), rendered March 8, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's claim that he was denied his right to a speedy trial was waived by his failure to make a motion to dismiss the indictment prior to trial (see, People v Lawrence, 64 NY2d 200). Similarly, having made no Sandoval motion,

the defendant may not now complain that the trial court abused its discretion in permitting him to be cross-examined concerning his prior conviction.

Since the defendant did not take exception to the court's charge, his claims of error with respect to it have not been preserved for appellate review (see, People v Contes, 60 NY2d 620). In any event, we find that the charge was proper in all respects (see, People v Jones, 107 AD2d 714; People v Watkins, 67 AD2d 717).

The evidence adduced at trial was sufficient for a rational trier of fact to have found beyond a reasonable doubt that the defendant was not acting solely as an agent of the buyer and was therefore guilty as charged (see, People v Foster, 64 NY2d 1144, cert denied — US —, 106 S Ct 166).

In conclusion, we note that the defendant was properly adjudicated a second felony offender and the sentence imposed was appropriate under the circumstances of the case (see, People v Harris, 61 NY2d 9; People v Leonard, 109 AD2d 754; People v Suitte, 90 AD2d 80). Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.