(April 17, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WALTON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 11, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was introduced to an undercover police officer through a confidential informant and subsequently sold LSD to the officer on two occasions. Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the fifth degree, a class D felony. After trial by jury, defendant was found guilty of the count charged in the indictment relating to the second sale of LSD to the officer and sentenced to a prison term of 2⅓ to 7 years.

On appeal, defendant contends that the People did not prove beyond a reasonable doubt that he was acting as a seller rather than an agent for the officer-buyer in procuring the LSD. We disagree. Although it is true that under the Penal Law (§ 220.00) one who acts as an agent of a buyer cannot be convicted of the crime of selling narcotics *(People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935), the issue of agency is a question of fact to be determined by the jury *(supra,* at p 74; *People v Jones,* 107 AD2d 714, 715). Factors which may be considered include whether the purchase was suggested by the buyer, whether the buyer paid defendant directly, whether the buyer and defendant had any prior relationship, whether defendant stood to profit from the transaction, and whether defendant had any other drug dealings with other buyers or sellers *(see, People v Lam Lek Chong, supra,* p 75; *People v Gonzales,* 66 AD2d 828). Here, defendant testified that he was merely doing a favor for the officer in procuring drugs for him from a seller known to defendant and that he did not profit at all from the transaction. He stated that he had no prior experience in drug transactions and that the officer had approached him regarding the sale of LSD. However, defendant's credibility, along with that of the officer, was for the jury to determine *(see, People v Belknap,* 57 AD2d 970).* The officer testified that after the first purchase of LSD, for which defendant was not convicted, defendant approached

him several times, stating that he had more "acid" and inquiring as to whether the officer was interested in buying any. The officer eventually assented, set up the purchase and paid defendant directly. He testified to defendant's familiarity with narcotics trafficking slang and procedures *(see, People v Jones, supra,* p 714) and stated that he had not known defendant prior to his purchase of the LSD. This testimony, as credited by the jury, was sufficient to support the finding that defendant had acted as a seller of narcotics and not as an agent of the officer *(see, supra,* pp 714-715).

We are similarly unpersuaded by defendant's contention that his sentence was harsh and excessive. The sentence he received was within the limits provided for by Penal Law § 70.00 (2) (d) for a class D felony and he has not made a showing of a clear abuse of discretion or extraordinary circumstances such as to permit us to interfere with the trial court's discretion to impose this sentence *(see, People v Harris,* 57 AD2d 663).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.