■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DUNN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered May 20, 1983, convicting him of criminal sale of a

controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentencing.

Viewing the evidence in the light most favorable to the People, the jury was warranted in concluding that the defendant, acting in concert with another individual, sold cocaine to an undercover police officer *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

The trial court properly refused to charge the jury with respect to criminal facilitation in the fourth degree (Penal Law § 115.00). Since it is "theoretically possible for a defen- ant illegally to sell a drug without intending to aid anyone else in the commission of a * * * felony" *(People v Glover,* 57 NY2d 61, 64), criminal facilitation in the fourth degree does not constitute a lesser included offense of the crime charged *(see, People v Glover, supra; People v Fischer,* 94 AD2d 706).

The defendant's assertion of error with respect to the trial court's instructions to the jury on the agency defense is without merit. Since the court advised the jury, *inter alia,* that it "may consider whether the defendant received any monetary gain or other personal or beneficial gains from the sale", that charge was proper *(see, People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *People v Oliver,* 99 AD2d 789).

Finally, in view of the fact that the defendant was sentenced in the absence of counsel and his agreement to nevertheless proceed was equivocal and uninformed, the defendant was deprived of his right to counsel "at the crucial stage of sentencing" *(People v Gonzalez,* 43 AD2d 914, 915; *see, People v Perez,* 63 AD2d 911; *People v Di Salvo,* 19 AD2d 747). Therefore, he must be resentenced. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.