■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DIANDA, Appellant.—Harvey, J.

On May 24, 1984, State Trooper Charles Jones was working on an undercover narcotics investigation in the City of Hud-

son, Columbia County. Jones was playing pool in a local bar when he became acquainted with defendant. Jones later purchased cups of beer for defendant and himself and, commenting on the size of the cup, Jones said to defendant "it's so small you probably should have some cocaine for the beer". What transpired thereafter was the subject of conflicting testimony at trial. Jones testified that defendant readily indicated that he could get cocaine for him. Defendant, who testified at trial, asserted that he mentioned he could obtain cocaine only after repeated inquiries by Jones as to whether defendant knew where cocaine could be purchased.

In any event, defendant ultimately informed Jones that he could get some cocaine and they drove to a house in the Town of Stockport, Columbia County. Defendant entered the house and returned approximately 10 minutes later, stating that he could not get the cocaine at that time but would be able to do so in an hour. Jones and defendant then returned to Hudson and went to another bar, where they discussed drug trafficking in the city. According to Jones, defendant told him that he could do better by dealing with defendant and that he, defendant, could obtain the best cocaine in the city at any quantity Jones desired.

After leaving the bar, the two returned to the house in Stockport. Defendant told Jones that the cocaine would cost $30 per bag, and Jones gave him $60. Defendant entered the house while Jones remained in his car. Five minutes later, defendant reappeared and gave him the cocaine. After returning defendant to Hudson, Jones met with his supervisor and turned over the cocaine.

Defendant was subsequently indicted for the crime of criminal sale of a controlled substance in the third degree. A jury trial was held and defendant was found guilty of the charged crime. He was then sentenced to an indeterminate term of 5 to 15 years' imprisonment.

Defendant initially maintains that the People failed to prove beyond a reasonable doubt that he was not Jones' agent in making the cocaine purchase. A person who merely acts as a buyer's agent cannot be convicted of the crime of selling narcotics *(People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935). While the term "agent" defies precise definition *(see, People v Roche,* 45 NY2d 78, 87 [concurring opn], *cert denied* 439 US 958), numerous factors are relevant in determining whether a particular defendant is merely an agent *(People v Gonzales,* 66 AD2d 828). These factors include, *inter alia,* whether the defendant exhibited salesman-like

behavior *(supra; see also, People v Lam Lek Chong, supra,* p 75). Whether a person is an agent is a question of fact for the jury *(People v Lam Lek Chong, supra,* pp 74-75).

Viewing the evidence in the light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203; *People v Pierce,* 112 AD2d 527, 528), we find adequate evidence in the record to support the jury verdict. While it is apparent that Jones initiated the discussion about drugs, defendant readily responded to the inquiry. He further exhibited a considerable familiarity with local drug trafficking and indicated that he could provide the best quality cocaine in the area. Prospective drug transactions were discussed and defendant urged Jones to continue purchasing drugs through him in the future. Defendant assured Jones that he could provide him with large quantities of cocaine and other drugs if he so desired. The above evidence provided sufficient indicia of a salesman-like behavior and involvement in other drug dealings for the jury to determine that defendant was not an agent of Jones.

We find unpersuasive defendant's contention that County Court erred in refusing to give a missing witness charge concerning an alleged police informant, Carl Zinnermon. A missing witness charge is not necessary unless the absent individual's testimony is important to the issues at trial, not merely cumulative or trivial *(People v Bradley,* 112 AD2d 441; *People v Dillard,* 96 AD2d 112, 115). Here, there was no evidence that Zinnermon participated in the cocaine transaction. He did not introduce Jones to defendant, did not enter the house in Stockport with defendant, and was not involved in any negotiations of quantity or price. Further, Zinnermon was not shown to be under the prosecution's control at the time of trial *(see, People v Watkins,* 67 AD2d 717).

We decline to disturb the sentence imposed since it was within the bounds of both the applicable sentencing statute and County Court's sound discretion *(see, People v Brooks,* 115 AD2d 177, 178). Defendant's remaining contentions have been considered and found to be either devoid of merit or not properly preserved for appellate review.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.