■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Main, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 21, 1986, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for criminal sale of a controlled substance in the third degree as a result of his alleged sale of cocaine to an undercover police officer, Charles Jones, in the City of Hudson, Columbia County, in May 1984. He was convicted of the charge and sentenced to an indeterminate term of 2½ to 12 years' imprisonment. The primary issue for our consideration on this appeal is whether the People proved beyond a reasonable doubt that defendant was not acting as

the buyer's agent during the transaction. According to the People, Jones and an informant, Carl Zinnerman, went to several establishments in Hudson on the night in question seeking to purchase illegal drugs. At one of these places, a bar named the Tainted Lady, Jones met defendant, who stated that he could sell Jones cocaine. After defendant spoke to another person for a few minutes, Jones, Zinnerman and defendant entered the men's room, where defendant gave Jones a packet containing cocaine in exchange for $150. Jones testified that defendant told him that the cocaine was very good and, if Jones wanted to see him later, he would "be around".

According to defendant, he had known Zinnerman for a number of years. On the night in question, he met Zinnerman at the Tainted Lady and Zinnerman asked him to buy some cocaine, ostensibly because no one would deal with Zinnerman. Defendant refused. A short time later, defendant testified, Zinnerman attempted to introduce him to Jones and again asked him to buy cocaine. Defendant stated that Zinnerman and he left the bar and went into an alley, where Zinnerman gave him $50. Defendant then went to an apartment in an adjoining building, purchased cocaine with the $50, and returned to the Tainted Lady. Zinnerman and he then entered the men's room, where he delivered the cocaine to Zinnerman. Jones was not present in the men's room.

It is well settled that a person who merely acts as a buyer's agent cannot be convicted of the crime of selling narcotics (People v Lam Lek Chong, 45 NY2d 64, 73, cert denied 439 US 935; People v Dianda, 124 AD2d 307, 308, lv granted 69 NY2d 826). The question of whether a person is acting as an agent is one of fact for the jury (People v Lam Lek Chong, supra, at 74; People v Walton, 119 AD2d 889) and is dependent upon a number of factors (see, People v Gonzales, 66 AD2d 828). Considering the evidence presented here in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), we are of the opinion that the People did demonstrate that defendant was not acting as an agent. In particular, Jones' testimony established that defendant was familiar with narcotics slang terminology (see, People v Walton, supra), that he exhibited salesmanlike behavior during the transaction (see, People v Gonzales, supra) and that he had never met Jones prior to that evening (see, supra). We also note that defendant's version of the evening's events was contradicted by one of the People's witnesses, a police officer who testified that he monitored the Tainted Lady at the time of the

transaction. The officer testified that at no time did he see defendant and Zinnerman leave the bar together and that, when Zinnerman returned to the police station at the end of the evening, he still had on his person the same amount of cash that he had at the beginning of the evening. In all, the People's evidence was sufficient to support a finding that defendant was not acting as an agent.

The two remaining issues are whether the People should have produced Zinnerman to testify at trial and whether County Court erred in failing to give a missing witness charge to the jury. We note, however, that defendant never voiced an objection to Zinnerman's absence and did not request County Court to give a missing witness charge. Accordingly, these issues have not been preserved for our review (see, CPL 470.05 [2]).

Finally, after careful review and factual analysis, we conclude that the jury's verdict is supported by legally sufficient evidence and was not contrary to the weight of the evidence. Therefore, the judgment must be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.