■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. DAVIS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered January 22, 1988, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

During the course of an investigation of drug activity in the Norwich area in Chenango County, a State Police informant contacted defendant for the purpose of arranging a purchase of drugs by an undercover officer. According to the informant, he and defendant, together with two of defendant's friends, traveled to the City of Utica, Oneida County, on February 18, 1987 where defendant purchased drugs. Upon their return to Norwich, the undercover officer telephoned defendant and went to defendant's house where he purchased cocaine from defendant. Several days later, defendant and the informant again traveled to Utica, where, according to the informant, defendant purchased more drugs. Upon their return to Norwich, the undercover officer again contacted defendant and made a second purchase of cocaine.

Defendant was arrested some four months after the drug sales, in order to avoid jeopardizing the ongoing investigation. Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. Defendant was sentenced, as a predicate felon, to concurrent 5-to-10-year prison terms on the sale and possession counts relating to the first transaction with the undercover officer, to be served consecutively with concurrent 5-to-10-year terms on the sale and possession counts relating to the second transaction.

On this appeal, defendant argues that the prosecution failed to disprove beyond a reasonable doubt defendant's claim that he was merely acting as an agent of the informant (see, People v Matos, 123 AD2d 330, 331, lv denied 68 NY2d 1002). The law is well settled that " '[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics' " (People v Lam Lek Chong, 45 NY2d 64, 73, cert denied 439 US 935, quoting People v Branch, 13 AD2d 714),

only of possession *(supra,* at 74). Generally, as here, the question of whether defendant is seller or mere agent of the buyer is a question of fact for the jury *(supra,* at 74).

In the present case, the People showed that Roscoe Walker told the informant that defendant could supply him with drugs, that defendant invited the informant to defendant's home to obtain drugs, and that defendant told the informant that he was called "Doctor Davis" because he doctored people up and could obtain various weapons. Similar statements were made by defendant to undercover State Trooper Randall Inniss. Further testimony revealed the following: that defendant had a "usual source" from whom he obtained contraband, that defendant believed Inniss was reselling the drugs and wanted him to be careful when he did, that defendant could obtain great quantities of drugs, that defendant was familiar with the "drug trade vernacular", and that the price demanded by defendant exceeded the street value. Viewed in a light most favorable to the People, these facts, when credited by the jury, were sufficient to establish beyond a reasonable doubt that defendant was not acting as an agent *(see, People v Williams,* 132 AD2d 892, 893). We find no reason, therefore, to disturb the jury's determination, which was resolved as an issue of credibility against defendant *(see, People v Scott,* 134 AD2d 379, 380, *lv denied* 70 NY2d 937).

As to defendant's further contention of entrapment, we find that the same testimony previously mentioned created an issue of whether defendant was predisposed to commit a crime and the informant and Inniss simply provided him with the opportunity to commit such crime, or whether defendant was induced or encouraged to commit the crimes in order to obtain a job at the post office and would not otherwise have been disposed to commit the crimes. The finding of the jury against defendant on this issue should not be disturbed. In this regard, County Court charged that defendant had the burden to prove by a preponderance of the evidence both that he was induced and encouraged to commit the crime and that he was otherwise not so disposed. Whether the charge as given was legally correct need not be decided since defendant made no objection and took no exception to the charge as given, thereby waiving its review as a question of law on this appeal *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930), and there is no basis for invoking our discretionary power to reverse in the interest of justice (CPL 470.15 [6]).

In view of defendant's prior felony conviction and consider-

ing the nature and kind of the crimes of which he presently stands convicted, County Court did not abuse its discretion by the sentence imposed, which is not, in our view, harsh or excessive. The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.