■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANESSA SPRADLEY, Appellant. [670 NYS2d 882] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered August 5, 1995, as amended August 6, 1995, convicting her of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is modified, on the law, by reversing the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and vacating the sentences imposed thereon; as so modified, the judgment, as amended, is affirmed, and a new trial is ordered on those counts.

At trial, the defendant presented an agency defense with respect to the counts in the indictment charging her with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. She testified that she purchased $20 worth of crack cocaine from a dealer named "Toots", on behalf of an undercover officer. She claimed that she hoped she could smoke some of the crack cocaine she delivered to the undercover officer in exchange for sex. She also testified that before she turned the drugs over to the officer, she retained for her own use a portion of what she received from "Toots" and was "supposed to give" the undercover officer.

In delivering its instruction to the jury on the agency defense, the court stated, without further elaboration, that among the factors to consider was "whether the Defendant received any benefit from the transaction". The defendant raised specific objections to the sufficiency of the instruction, noting that "if her intent was to benefit merely from the buyer, that's a factor you consider favorably" (*see*, 3 CJI[NY] PL art 220, at 1752; *People v Job*, 87 NY2d 956). The charge as given permitted the jury to discount the agency defense if it found that the defendant derived any benefit at all from the transaction (*see, People v Jenkins*, 77 AD2d 912, 913; *see also, People v Lam Lek Chong*, 45 NY2d 64, *cert denied* 439 US 935; *People v Lee*, 79 AD2d 641). Nevertheless, the trial court refused the defendant's request for additional instructions.

This error was particularly prejudicial here, since the jurors could infer from the defendant's testimony that she was acting in her own right as purchaser of part of the drugs. Where this is the case, the Court of Appeals has held that "the standard charge dealing with the typical agency defense situation" is insufficient (*People v Andujas*, 79 NY2d 113, 118), and additional instructions should be given that the agency defense is still available if the defendant acts for himself or herself and for the buyer in making the purchase. The charge as given, which did not even meet the minimum requirements of a standard charge dealing with a typical agency defense, deprived the defendant of a fair trial with respect to the charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Goldstein and Luciano, JJ., concur.

Copertino, J., concurs in part and dissents in part and votes to affirm the judgment appealed from, as amended, with the following memorandum: The prosecution elicited testimony indicating that the defendant approached an undercover officer in an unmarked police van and persistently offered to "hook [him] up". The second time she approached the officer, she asked if he wanted to "buy * * * something". The officer motioned the defendant to enter the vehicle and told her that he wanted "two oh", meaning $20 worth of crack cocaine. The defendant directed the officer to a location where she took $20 from the officer, got out of the van, and returned with a vial of crack cocaine.

In stark contrast, the defendant testified that her friend (and sometimes pimp) introduced her to the undercover officer and told her that the officer wanted to get something to smoke and to "hang out". (On cross-examination, the defendant testified that her friend told her that the officer wanted to "do something" and that he would give her something for it, which the defendant understood to mean that the officer wanted her to have sex with him.) According to the defendant, when the officer asked her if she could get a "twenty", she asked whether she would "get something out of it". The officer said yes, and the defendant got in the van to take him to someone from whom she had bought drugs in the past. She testified that after she bought the drugs she chipped off a portion of the crack cocaine for her own use. The defendant was arrested shortly after returning to the vehicle and delivering the drugs to the officer.

On appeal, the defendant contends, *inter alia*, that the trial

court's instructions to the jury on the agency defense were inadequate. Specifically, the defendant contends that the trial court should have instructed the jury that it could consider any benefit received from the buyer as supportive of an agency defense (see, 3 CJI[NY] PL art 220, at 1752). Viewing the instructions on the agency defense as a whole, I find no error. The trial court instructed the jury that it might wish to consider such factors as whether the defendant initiated the transaction, the nature and extent of the relationship between the defendant and the buyer, and whether the defendant received any benefit from the transaction. The court also instructed the jury that it could consider factors argued by counsel in their respective summations, and that it should rely on its common sense and experiences in determining whether the defendant was acting as agent for the undercover officer.

The trial court's instructions to the jury provided a balanced and accurate presentation of the agency defense (see, People v Job, 87 NY2d 956; People v Lam Lek Chong, 45 NY2d 64, 75, cert denied 439 US 935; People v Dunn, 122 AD2d 952). It is not necessary in all cases to provide an expanded charge explaining the significance of every possible factor (see, e.g., People v Speed, 226 AD2d 1090; People v Schiano, 198 AD2d 820; People v Donegan, 112 AD2d 747). This case does not present a situation where the charge impliedly foreclosed the agency defense by suggesting that the jury should convict the defendant if it found that she received any benefit at all as part of the transaction (cf., People v Mauras, 100 AD2d 557; People v Jenkins, 77 AD2d 912, 913). Moreover, I find no evidence in the record to support an inference that the defendant was acting in a dual capacity by purchasing part of the narcotics for her own use (cf., People v Andujas, 79 NY2d 113).

For the foregoing reasons, I would affirm the judgment of conviction in its entirety.