OPINION OF THE COURT
John J. Walsh, J.
The court held, by its decision of September 20, 1982, that evidence of other uncharged crimes of usury is relevant on that element of the crime of usury in the first degree (Penal Law, § 190.42) which requires the People to prove that defendants are engaged in a “scheme or business of making or collecting usurious loans”; and the court also found that the probative value of such evidence outweighs its obvious prejudice to the defendants and is therefore admissible on the People’s direct case. Now the court is faced with another question that apparently has never been answered by New York courts; that is: Is other-crime evidence admissible if a defendant makes an unequivocal offer to stipulate to the existence of the particular element of the crime to which such evidence is relevant, and thereby removes it as a disputed issue in the case?
*789 Here, defendants offer to stipulate to the element of “scheme or business” as if it had been proved, and to admit this element of the crime charged in the same manner as if it were a prior conviction subject to the provisions of CPL 200.60. They argue that this concession on their part precludes the People from adducing other-crime evidence and requires the court to submit the case to the jury without reference to such evidence because, with the element of “scheme or business” removed, there is no issue in the case to which such evidence has any relevance and it can only cause unfair prejudice. The only New York case they cite is People v Holmes (72 AD2d 1), which approved the admission of other-crime evidence but suggested (p 5) that the same may have been inadmissible if the issue of intent had been effectively removed from the case. Their other authorities are several cases in the United States Court of Appeals, Second Circuit, principally United States v Mohel (604 F2d 748).
The People decline to stipulate and argue that, unless they accept the stipulation, they must be allowed to adduce evidence relevant to any elements of the crime charged, citing People v Morse (196 NY 306); People v Jackson (39 NY2d 64); People v Mees (47 NY2d 997); and People v Norwood (Supreme Ct, Westchester County, Aug. 3, 1981, Walsh, J.).[1] They argue that the Second Circuit cases cited by defendants are not apposite here and they cite cases from other jurisdictions to the opposite effect. The People also argue that evidence of other usurious loans is relevant on other elements and issues in the case in addition to “scheme or business”; listing such other issues as identity, criminal intent, inadvertence, duress and agency. In short, they urge that the People should be able to use the evidence in question on their direct case and in anticipation of any defenses that may be raised.
Clearly, the Federal cases cited by defendants stand for the proposition that uncharged, similar, prior or subsequent crimes or acts are rendered inadmissible by an *790 unconditional offer of stipulation or unequivocal concession or admission of the element or issue upon which the proffered evidence is relevant. As it is stated in United States v Figueroa (618 F2d 934, 939): “To be admissible the [similar acts] evidence must be relevant to some disputed issue in the trial * * * and its probative value must not be substantially outweighed by the risk of unfair prejudice * * * [citing United States v Mohel, supra] * * * The procedure for determining admissibility depends on the grounds on which the Government offers the evidence. If the evidence is offered to prove that the defendant committed the act charged in the indictment, for example, by proving identity or common scheme, the evidence may be offered during the prosecution’s case-in-chief, unless the defendant’s commission of the act is not a disputed issue. On the other hand, if the evidence is offered to prove the defendant’s knowledge or intent, the offer of similar acts evidence should await the conclusion of the defendant’s case and should be aimed at a specifically identified issue” (emphasis supplied), citing, inter alia, United States v Danzey (594 F2d 905, cert den sub nom. Gore v United States, 441 US 951), United States v Benedetto (571 F2d 1246), United States v Manafzadeh (592 F2d 81), United States v O’Connor (580 F2d 38). This approach seems only fair and reasonable.
Putting aside the issue or element of “scheme or business” by deeming the same effectively conceded and, therefore, not a disputed issue here, we must examine the other elements of criminal usury to find if the proffered other-crime evidence is relevant to any element on the People’s direct case. These other elements are (1) a loan from defendants to one Balakey, (2) interest charged on said loan in excess of 25% per annum, (3) that defendants were not authorized by law to charge interest at such a rate, and (4) that defendants knowingly charged interest in excess of 25% per annum. Merely stating the problem answers the question with reference to each of these elements. Surely, no evidence concerning any other loan transaction can be probative or in any proper way related to whether or not this particular loan was made, what interest was charged or demanded, what legal right defendants had to charge *791 the interest or whether they were aware of the rate of interest charged on this specific loan. In this posture “intent” is not an element of the crime; knowledge of the facts with reference to the specific transaction is a disputed issue which the People must meet by proof bearing upon this transaction, not proof of other transactions.[2]
An examination of the cases relied upon by the People reveals that each falls within the exceptions to the general rule excluding other-crime evidence upon the principles set out in People v Molineux (168 NY 264), which, as the Court of Appeals said in People v Jackson (supra, p 68) are “illustrative, not exclusive’.’, while allowing evidence of other drug transactions to prove defendants were acting in concert, a matter in dispute. In People v Mees (supra), it was motive and intent. In People v Vails (43 NY2d 364), the other drug transaction evidence was “inextricably woven into this one transaction” (p 368). People v Holmes (supra), cited by defendants, in addition to finding that the issue of intent had not been effectively removed from the case, implied that when defense counsel’s opening suggested the defense of entrapment, the other-crime evidence became admissible on the People’s direct case (p 5).
A very similar issue involving intent was raised in United States v Reed (639 F2d 896) and resolved in the Government’s favor at page 906 (cf. United States v Alessi, 638 F2d 466, 477).
At the outset, given defendants’ unequivocal concession with reference to the fifth element of the crime — “scheme or business” — there remain the four other elements which are disputed issues and upon which, as pointed out above, the other-crime evidence is irrelevant. Therefore, it is the court’s ruling that such evidence is not admissible upon the People’s case-in-chief, but is more properly left until the conclusion of defendants’ case to determine if any issue may have been raised to render it probative.
This ruling applies to the admissibility of the other-act evidence at this stage of the proceedings. Of course, as the case unfolds one or more of the Molineux-type exceptions *792 may come into play — for example, in cross-examination of the borrower Balakey, if an agency defense is suggested the court, upon the People’s application, will re-evaluate the impact of the similar-act evidence in those circumstances and reconsider this ruling on admissibility; similarly, if mistake or accident is interposed. Moreover, at the end of defendants’ case the court will entertain the People’s motion to reopen, notwithstanding they have rested, to consider whether any circumstances may have evolved at the trial to render the evidence in question probative and admissible on any issue. In the meantime the defendants’ objection to it is sustained.

. In People v Norwood (Supreme Ct, Westchester County, Aug. 3, 1981, Walsh, J.), this court did not reject the rationale of United States v Mohel (604 F2d 748) but only held that, if it were the law of New York, the defendant’s offer of stipulation there did not satisfy it.

. It might be noted that, had the People chosen to charge all the usuries against each defendant in one indictment, instead of in two or more, this problem would not have come up in this context.