### (November 15, 1982)

■ In the Matter of CARL A. VERGARI, as District Attorney of Westchester County, Petitioner, v JOHN J. WALSH, as Acting Justice of the Supreme Court, et al., Respondents. — Proceeding pursuant to CPLR article 78 to prohibit the respondent Judge from enforcing his order dated September 28, 1982, and amplified from the Bench on September 29, 1982, which, in a criminal action, held that the prosecution would not be permitted to introduce evidence of one element of the crime of usury in the first degree, i.e., that defendants' conduct had been "part of a scheme or business of making or collecting usurious loans" (Penal Law, § 190.42), as defendants offered to concede that element and that, because of such ruling, he would neither read the statutory language of "scheme or business" to the jury, nor charge the jury at all with respect to that element, under CPL 200.60. Petition granted, on the law, without costs or disbursements, to the extent that the respondent Judge cannot decline to instruct the jury with respect to every element of the crime charged, and must instruct the jury if, in fact, a concession as to one element of the crime has been made. The proceeding is otherwise dismissed. It is well settled that "[t]he courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious", and that the extraordinary remedy of prohibition lies only where a court acts or threatens to act either without jurisdiction, or in excess of its authorized powers in a proceeding over which it has jurisdiction (*Matter of State of New York v King,* 36 NY2d 59, 62).

Here, the trial court's decision to allow the defendants to concede an element of the crime charged cannot be said to have been a decision made either without jurisdiction or in excess of authority, and a writ of prohibition cannot be granted to interfere with the court's ruling (*Matter of Steingut v Gold,* 54 AD2d 481, 484-485, affd 42 NY2d 311). The trial court, however, has threatened to act in excess of its authority by refusing to inform the jury of all of the elements of the crime, and of a concession as to one of them. The court relied upon CPL 200.60 in concluding that it need not so charge the jury, but this section applies only to those cases where the crime with which the defendant is charged is raised to a higher degree *solely* because of a previous conviction of the defendant. The statute allows this particular type of element of a crime to be determined out of the presence of the jury because of the possibility that the jury will be prejudiced against the defendant, and that this one factor will take on more importance than the objective, substantive elements of the crime charged. There is, however, no authority for taking this statutory provision and applying it to any element of a crime other than a previous conviction, which is not alleged here; nor has the court authority to select which elements of a charged crime it will present to a jury (CPL 300.30, 300.40, subd 1). These threatened actions would constitute more than mere errors of law; they would be incursions into areas of legislative responsibility and, therefore, as to these matters the writ of prohibition must be granted (see, e.g., *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15; *Matter of Gold v Booth,* 79 AD2d 1013; cf. *Matter of Cosgrove v Armer,* 81 AD2d 1042). Damiani, J. P., Weinstein, Bracken and Boyers, JJ., concur.