■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered January 8, 1982, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in refusing to charge the defense of justification *(see,* Penal Law § 35.15 [2] [a]). Although the court erroneously concluded that a defense based on accident absolutely precluded the defendant's reliance on a justification defense *(see, People v Magliato,* 68 NY2d 24; *People v McManus,* 67 NY2d 541; *People v Huntley,* 59 NY2d 868), a justification charge was nevertheless not required because, as a matter of law, the defendant failed to establish the prerequisites for asserting the defense. Even viewing the testimony in a light most favorable to the defendant, as we are required to

do (see, People v Watts, 57 NY2d 299; People v Steele, 26 NY2d 526), the record indisputably established that the deceased had left the scene of the initial confrontation, and that there is no reasonable view of the evidence which would lead to any conclusion other than that the defendant must have then known that he could have retreated in complete safety. Instead, the defendant reinstituted the altercation with the deceased and advanced the confrontation to the point where it resulted in the deceased's death (see, People v Pabon, 106 AD2d 587; People v Dallara, 108 AD2d 867). Accordingly, the defense of justification was not available to him (see, People v Mungin, 106 AD2d 519). We note that the defendant's own testimony clearly established the fact that he knew the deceased was not armed, and that he did not and in fact could not have feared the decedent's use of deadly physical force, thereby rendering the justification defense inapplicable (see, Penal Law § 35.15 [2] [a]).

The defendant's claim that his joint trial deprived him of his right to a fair trial is without merit. Although his codefendant's prior out-of-court statements were relied on by the People, the codefendant testified at the trial and was fully cross-examined; thus, the defendant's confrontation rights were not violated. Moreover, in light of the substantial evidence of guilt independent of the codefendant's statements, the defendant's right to a fair trial was not impaired (see, People v Cruz, 66 NY2d 61, 72, cert granted — US —, 106 S Ct 2888; People v Fisher, 249 NY 419, 426). Furthermore, the codefendant's statements were purely cumulative in nature. They did not prevent the defendant from presenting any exculpatory evidence (see, People v Cruz, supra, at p 72; People v La Belle, 18 NY2d 405), nor did they add any material evidence to the People's case which could have resulted in substantial prejudice to the defendant (see, People v Cruz, supra, at pp 72-73).

The defendant's remaining contentions are unpreserved, and we decline to reach them in the interests of justice. There is nothing in the record warranting a modification of the defendant's sentence. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.