■ CLAIRE BAUM, Appellant, v FOX CHRYSLER, PLYMOUTH, DODGE, INC., et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Bryant, J.), entered July 17, 1986 in Tompkins County, upon a verdict rendered in favor of plaintiff.

Plaintiff sustained serious physical injuries when her vehicle failed to come to a stop at an intersection and was hit broadside by a truck traveling on the cross-thoroughfare. She commenced the instant suit, seeking damages from defendant Fox Chrysler, Plymouth, Dodge, Inc. (Fox), alleging that it had been negligent in repairing her brakes just prior to the accident, and from defendant Louis K. Conroy, the driver of the truck.* At the close of the evidence the jury returned a

---

* Prior to trial, Conroy settled the claim against him by payment to plaintiff of $10,000.

verdict finding Conroy not negligent and apportioning fault for the accident at 25% for Fox and 75% for plaintiff. Plaintiff has appealed, contending that the verdict was against the weight of the evidence. We now affirm.

A jury verdict in a civil action may not be overturned on appeal unless the evidence so preponderates in favor of a plaintiff as to preclude the jury's findings upon any fair interpretation of the evidence (*Rowe v Board of Educ.*, 120 AD2d 850, 851, *lv denied* 68 NY2d 609; *Fotiu v Ewing*, 90 AD2d 602). A fair interpretation of the evidence supports the jury's allocation of responsibility here. Plaintiff testified that she brought her car to Fox's in April 1984 for brake repairs, but when she returned to pick up the vehicle the following week it continued to shimmy and pull to the left when she applied the brakes. She stated that she brought the car back to Fox's on the same day and complained of the brake problem, informing the mechanic that she intended to drive some 35 miles to the City of Ithaca, Tompkins County, that afternoon. According to plaintiff, the mechanic test drove the car and assured her that the brakes were in proper working order. Plaintiff then commenced her journey but, while still within the City of Auburn, Cayuga County, where Fox's is located, she applied the brakes and noticed that they were not working properly. In her own words, the car "was pulling to the left, and I was pumping my foot on the brake because it would not stop completely. It slowed down, but would not stop completely. My foot was down to the floor." Nevertheless, plaintiff continued driving and shortly thereafter was involved in the accident when her vehicle failed to come to a stop at the intersection. The jury could reasonably have found on the basis of the foregoing that plaintiff was negligent in continuing her journey with the knowledge that her brakes were not functioning properly and that such conduct was a proximate cause of the accident (*see, Mesick v State of New York*, 118 AD2d 214, 219, *lv denied* 68 NY2d 611).

There was additional testimony from which the jury could likewise have found that plaintiff was further negligent in the operation of her vehicle immediately before the accident. Plaintiff testified that she was traveling at five miles per hour on a short access road, approximately ⅛ to ⅒ of a mile long, as she approached the intersection where the accident occurred. Her theory of negligence attributable to Fox was that its mechanic had failed to bleed the air from her rear brake system after installing a new master brake cylinder, thus allowing compression in the rear brake line and causing brake

failure. Plaintiff's expert testified that, assuming there was a minimum of air in the rear brake system, plaintiff could have stopped her vehicle within two car lengths if she was traveling at five miles per hour. Fox's expert testified that only 40% of a car's braking action is attributable to the rear brakes and, assuming some problem with those brakes, at five miles per hour plaintiff could have stopped her vehicle within "30 to 40 feet tops". It was, thus, inferable from the foregoing that, as argued by Fox's counsel, plaintiff was negligent in failing to brake or slow down her vehicle a sufficient distance from the intersection to come to a complete stop at the stop sign and that this conduct was also a contributing cause of the accident. The jury, thus, could readily have concluded that, although Fox was negligent in its repair of the vehicle's brakes, the accident was predominantly the result of multiple acts of negligence on plaintiff's part. Its verdict should, therefore, not be disturbed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.