■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WILSON, Appellant.—Judgment unanimously affirmed. Memorandum: The prosecutor sufficiently explained his use of a peremptory challenge to exclude one Black juror during voir dire *(see, Batson v Kentucky,* 476 US 79; *People v Hernandez,* 75 NY2d 350, 356-357). The court properly denied defendant's request to charge circumstantial evidence. The People's case was based, in part, upon direct evidence that defendant ordered the codefendant to shoot the victims and that defendant supplied him with the gun *(see, People v Gamble,* 74 NY2d 904, 906; *cf., People v Burke,* 62 NY2d 860, 861). The evidence, viewed in the proper light *(see, People v Ford,* 66 NY2d 428, 437), was legally sufficient to support the verdict and the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The court properly admitted evidence that defendant sold drugs to the victims because the relationship among the parties established defendant's motive and intent regarding the crimes charged in the indictment *(see, People v Vails,* 43 NY2d 364, 368; *People v Namer,* 309 NY 458, 462; *People v Molineux,* 168 NY 264, 295). Defendant's *Rosario* contention *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) lacks merit because defendant suffered no prejudice by the delay in producing the police officer's notes *(see, People v Ranghelle,* 69 NY2d 56; *People v Perez,* 65 NY2d 154, 159). Defendant's consecutive sentence was proper *(see, People v Truesdell,* 70 NY2d 809, 811; *People v Brathwaite,* 63 NY2d 839, 843) and is not

excessive. Defendant did not preserve for review his claim that the court erred in denying severance. We have considered defendant's remaining contentions preserved for review and find that each one lacks merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Dillon, P. J., Doerr, Denman, Green and Lowery, JJ.