■ ANDRE CEA, an Infant, by His Parent and Natural Guardian, MARGARET M. CEA, et al., Appellants, v SELWYN Z. FREED, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered October 13, 1989, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On August 27, 1980, the defendant was driving in the area of Melrose Drive and Eck Place in New Rochelle, Westchester County. While stopped at a stop sign on Melrose Drive (where it intersects with Eck Place), the defendant noticed two cars parked to his right, approximately 40 to 50 feet in front of him. Approximately 20 to 30 feet from the curb, he also noticed a group of young children playing on the property of the house next to which the cars were parked.

The defendant continued to drive down Melrose Drive toward Eck Place and reached a speed of 15 to 20 miles per hour, while keeping the children within his peripheral vision. As he reached the area of the parked cars, the defendant noticed the infant plaintiff, who was then 4½ years old, running from between the two parked cars toward the street. The defendant stepped hard on his brake, but hit the infant plaintiff with the front of his car. After a trial, the jury returned a verdict in favor of the defendant, concluding that he was not negligent.

We disagree with the plaintiffs' contentions that the court's charge to the jury was erroneous and prejudicial to them. When viewed in its entirety, the charge sufficiently apprised the jury of the correct rules to be applied in arriving at its decision (see, People v Russell, 266 NY 147, 153; People v Hurk, 165 AD2d 687). Additionally, the charge was in easily understandable language, and was precisely and specifically related to the claim of liability (see, 1 NY PJI2d 1-2). Furthermore, the evidence presented at trial was not "so greatly in the plaintiffs favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (Rowe v Board of Educ., 120 AD2d 850, 851). Its verdict, therefore, should not be disturbed (see, Baum v Fox Chrysler, Plymouth, Dodge, 132 AD2d 788). Thompson, J. P , Bracken, Sullivan and Lawrence, JJ., concur.