■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE GIAMANCO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 16, 1991, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial by the court giving a charge on justification over his objection. It is well settled that the defense of justification contained in Penal Law § 35.15 (2) applies to a defendant's risk-creating conduct, even though it had unintended consequences *(see, People v Magliato,* 68 NY2d 24, 28; *People v McManus,* 67 NY2d 541). Thus, "in a prosecution for any 'crime involving the use of force, a charge on justification is warranted whenever there is evidence to support it' " *(People*

*v Magliato, supra,* at 29, quoting from *People v McManus, supra,* at 549). The defendant testified that he and the victim had an argument during which the victim had threatened the defendant with a knife and had attempted to hit the defendant with a two-by-four. The defendant then obtained his gun and placed it in his waistband. The two continued fighting and struggling, and the gun began falling through the defendant's pants. The defendant took hold of the gun and the victim attempted to grab it from the defendant's hand. The defendant testified that his finger got stuck in the trigger guard and the gun went off. Thus, there was a reasonable view of the evidence to support the court's charge on justification *(see, People v Torre,* 42 NY2d 1036, 1037).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.