■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. SHAMBO, Appellant. [619 NYS2d 450] —Judgment unanimously affirmed. Memorandum: The evidence adduced at trial is sufficient to prove defendant's constructive possession of drugs and a weapon found in defendant's apartment *(see, People v Manini,* 79 NY2d 561, 573). The handgun was found in the bedroom under defendant's bed *(see, People v Brown,* 115 AD2d 791, 793, *lv denied* 67 NY2d 880). Cocaine residue was found in plain view in several different locations throughout defendant's apartment. Moreover, when told that he was being charged with possession of cocaine, defendant asked: "For what, residue?" That admission indicated defendant's awareness of the presence of cocaine in the apartment. Finally, two people who were in defendant's apartment prior to the search by police testified at trial that they did not bring cocaine or a weapon into the apartment.

Although there was direct evidence of defendant's dominion and control over the apartment, there was no direct evidence of defendant's dominion and control over the contraband *(see, People v Brian,* 84 NY2d 887). Thus, County Court erred in denying defendant's request for a circumstantial evidence

charge. We conclude that the circumstantial evidence that defendant exercised dominion and control over the drugs and the weapon was overwhelming and that there was no reasonable possibility that the jury would have acquitted him if the circumstantial evidence charge had been given *(see, People v Brian, supra)*. Thus, the failure to give that charge is harmless error. (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Possession Weapon, 3rd Degree.) Present —Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.