OPINION OF THE COURT
Abraham G. Gerges, J.
Defendant requested that this court not instruct the jury that the People must provide evidence corroborating defendant’s statement. It was urged that a corroboration instruction would focus the jury’s attention on defendant’s statement rather than on the real issues in the case.
*916 CPL 60.50 states: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.”
If the People fail to prove corroboration the evidence is legally insufficient (People v Cuozzo, 292 NY 85). If a court upon request fails to charge corroboration, the error is reversible error because the jury has no guidance as to what constitutes sufficient proof (People v Reade, 13 NY2d 42, 47).
Thus, defendant requested the court not to inform the jury as to what the People must show to prove defendant’s guilt. This appears to be a request that the court diminish the People’s burden of proof.
In People v Hills (140 AD2d 71) the Appellate Division, Second Department, rejected a claim that a court can compel a District Attorney to stipulate to an element of the crime. The Court reasoned that a defendant could not agree to remove from the jury consideration of an element of the crime because this would diminish the People’s burden of proof (at 79-80).
Similarly, in Matter of Vergari v Walsh (90 AD2d 801) the Appellate Division prohibited a court from omitting an element of a crime from its jury charge even though defendant had consented, although upholding the court’s right to compel the prosecution to stipulate (see, People v Pelose, 116 Misc 2d 788).
In contrast, the Court of Appeals in People v Lewis (64 NY2d 1031, 1032) and People v Flynn (79 NY2d 879, 881) implied that with the consent of a defendant a court need not instruct the jury regarding an element of the crime.[1] Both cases cite the old Court of Appeals decision People v Walker (198 NY 329, 335).
The court notes that the Supreme Court has granted certiorari in the case of Old Chief v United States (— US —, 116 S Ct 907). This case seems to raise a similar issue under Federal law.
The court finds that corroboration has not been treated as a problem involving the shifting of the burden of proof. It appears that the failure to request a corroboration charge prohibits appellate review as a matter of law (People v James, 75 NY2d 874, 875; People v Cona, 49 NY2d 26, 33; People v Ortiz, 215 AD2d 408). Of course, the Appellate Division has discretion to review the issue in the interest of justice (People v Cona, *917 supra). Thus, it appears that corroboration does not come under the Patterson (People v Patterson, 39 NY2d 288, 296) exception that issues of shifting the burden of proof need not be preserved for appellate review (see, People v Gray, 86 NY2d 10, 21).[2] Since the failure to request corroboration does not preserve the issue, it cannot be an issue of shifting the burden of proof.
The court is aware that it could, if it so desired, charge corroboration over defendant’s objection (People v Green, 170 AD2d 1024; see also, People v Ford, 66 NY2d 428, 439-441; People v Giamanco, 188 AD2d 547). However, since it was defendant’s trial strategy to ask the court not to charge corroboration, the court declines to overrule the defendant’s strategy as that would interfere with defendant’s right to make certain fundamental decisions. (See generally, People v Petrovich, 87 NY2d 961.)
This situation is similar to a defendant who knows that there exists a legitimate defense to an indictment but is permitted to plead guilty upon knowingly, intelligently and voluntarily waiving his legal rights. (See, People v Serrano, 15 NY2d 304.) As a defendant can waive jury consideration of all elements of a crime by pleading guilty, why can’t a defendant also waive jury consideration of a single element?
Defendant was apprised of the right to a corroboration charge and knowingly, intelligently and voluntarily waived that right.
The court, therefore, did not charge corroboration. (See, United States v Hernandez, 27 F3d 1403, 1407-1408.)

. The court is aware of the distinction made in these cases between a stipulation of fact and a stipulation as to an element of a crime.

. The failure to charge is not the equivalent of what the Court of Appeals described in Gray (supra) as a charge that is "merely capable of being interpreted in such a way as to shift the burden of proof’ (at 22). The failure to charge corroboration is no charge as to the People’s "burden of proof’.