■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SIERRA, Appellant. [647 NYS2d 891] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges

to another Grand Jury. Memorandum: Defendant inadvertently killed an innocent bystander while engaged in a gunfight on the street with his brother. The jury acquitted defendant of murder in the second degree (Penal Law § 125.25 [2]), but convicted him of the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]). We reverse the judgment. Inasmuch as defendant was convicted of a lesser included offense, the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Gonzalez, 61 NY2d 633, 635; People v Jackson, 167 AD2d 893).

Defendant testified at trial that his brother fired shots at him without provocation as defendant stood in his girlfriend's driveway. Defendant further testified that, after pushing his girlfriend out of harm's way and firing a warning shot, he took aim at his brother. One of the bullets fired by defendant struck and killed the victim, who was riding a bicycle in the street. The altercation took place at night, and defendant maintained that he did not see anyone but his brother when he fired his weapon.

Defendant requested that County Court instruct the jury that a person may use deadly physical force upon another person when he reasonably believes such force to be necessary to defend not only himself, but also a third person (see, Penal Law § 35.15 [2]). Defendant further requested an instruction that, if he were found to have been justified in using deadly physical force against his brother, then he could not be held liable for killing an innocent bystander unless he knew of the danger to such bystander and consciously disregarded it (see, People v Morris, 109 AD2d 413, 415-416, appeal dismissed 68 NY2d 799). The prosecutor acknowledged that the proposed instructions were proper.

The court instructed the jury on justification but did not refer to innocent bystanders or the defense of a third person, and defendant objected to the charge on that ground. The court's failure to charge the jury as defendant requested constitutes reversible error. Viewing the evidence in the light most favorable to defendant (see, People v Farnsworth, 65 NY2d 734, 735), we conclude that the jury could reasonably have found that defendant acted in defense of a third person (see, People v Shanis, 36 NY2d 697; People v Rivera, 138 AD2d 169, 174, lv denied 72 NY2d 923, mot to amend order granted 143 AD2d 601) or that he did not know of the danger to the innocent bystander (see, People v Morris, supra, at 415-416). Because the proof against defendant was not overwhelming, the error cannot be consid-

ered harmless (*cf., People v Shambo,* 209 AD2d 1011, *lv denied* 84 NY2d 1038, 85 NY2d 980).

We reject defendant's contention that the verdict is against the weight of the evidence. Finally, we do not reach defendant's remaining contentions because, even if meritorious, they would not bar reprosecution. (Appeal from Judgment of Monroe County Court, Maloy, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Balio and Davis, JJ.