■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA PRATHER, Appellant. [672 NYS2d 562] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her after a jury trial of criminal sale of a controlled substance in the second degree (Penal Law § 220.41), four counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), criminal sale of a controlled substance in the first degree (Penal Law § 220.43), and two counts of criminal possession of a controlled substance in the first degree (Penal Law § 220.21).

We reject the contention of defendant that the evidence is insufficient to establish her culpability as an accomplice. Penal Law § 20.00 provides that a person may be held criminally liable as an accomplice if, "acting with the mental culpability required for the commission [of a crime committed by another], he * * * intentionally aids such person to engage in such conduct." The People presented legally sufficient evidence to establish that defendant intentionally aided her husband with his sales of cocaine to an undercover New York State police investigator on June 3rd and June 5th, 1992 (*see, People v Ro-*

*man*, 83 NY2d 866; *People v Kaplan*, 76 NY2d 140, 144; *People v Wylie*, 180 AD2d 774, *lv denied* 81 NY2d 767).

Contrary to defendant's contention, the evidence, when viewed in the light most favorable to the People (*see, People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), is sufficient to establish defendant's constructive possession of the cocaine seized pursuant to a search warrant (*see, People v Johnson*, 237 AD2d 971, *lv denied* 89 NY2d 1095; *People v Shambo*, 209 AD2d 1011, *lv denied* 84 NY2d 1038, 85 NY2d 980; *People v Davis*, 206 AD2d 833, *lv denied* 84 NY2d 934; *People v Young*, 197 AD2d 874, *lv denied* 82 NY2d 854). The evidence seized from a safe at defendant's home pursuant to the search warrant was highly probative and directly relevant to the crimes charged and was therefore properly admitted (*see, People v Alvino*, 71 NY2d 233, 241).

The People were properly permitted to impeach the testimony of defendant's husband that defendant was unaware of his drug-related activities during the period in question (*see, People v Fardan*, 82 NY2d 638, 646; *see also, People v Morgan*, 171 AD2d 698, 699, *lv denied* 78 NY2d 971).

Defendant failed to preserve for our review her contention that the People failed to prove her knowledge of the weight of the cocaine (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Supreme Court properly admitted the statements of defendant on surveillance tapes regarding her success in selling drugs in the neighborhood; those statements were relevant to the issues of motive and intent (*see, People v Vails*, 43 NY2d 364; *People v Molineux*, 168 NY 264, 291-293; *People v Wilson*, 170 AD2d 961, *lv denied* 77 NY2d 968).

The conviction is not against the weight of the evidence and is supported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We conclude, however, that the sentence must be modified. The imposition of consecutive sentences for criminal sale of a controlled substance in the first degree under count four of the indictment and for criminal possession of a controlled substance in the first degree under count eight of the indictment, resulting in an aggregate term of incarceration of 40 years to life, is unduly harsh and severe. Therefore, we modify the sentence as a matter of discretion in the interest of justice by providing that those sentences run concurrently. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.