■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELAROSA, Appellant. [732 NYS2d 108] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Cooperman, J.), dated November 16, 1998, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered November 25, 1997, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the motion.

The defendant was convicted, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree. The convictions arose out of an incident which occurred on May 28, 1996, at approximately 3:00 P.M. when three employees of a movie theater were robbed at gunpoint. Immediately before jury selection on June 12, 1997, the defense counsel served a notice of alibi on the People identifying the defendant's wife and his brother as alibi witnesses. The Supreme Court granted the People's application to preclude the alibi testimony because the defendant failed to demonstrate good cause for serving an untimely notice (*see,* CPL 250.20 [1]). The defense presented at trial was misidentification.

After sentencing, the defendant moved pursuant to CPL 440.10 (1) (h) to vacate the judgment on the ground of ineffective assistance of counsel based, *inter alia*, on the defense counsel's failure to serve a timely notice of alibi. The Supreme Court denied the motion on both procedural and substantive grounds. The court concluded that sufficient facts appeared on the record to permit adequate review on the defendant's direct appeal (*see,* CPL 440.10 [2] [b]). The court also found that the proposed alibi testimony was of uncertain value and that counsel had provided meaningful representation.

To the extent the defendant's motion was based on his counsel's failure to timely serve an alibi notice, the court erroneously concluded that the motion was procedurally barred. The defendant's claim involves matters dehors the record which could not be reviewed on direct appeal (*see, People v Boyd,* 244 AD2d 497).

In support of his motion, the defendant submitted his own affidavit and affidavits from his brother and his wife, Mary Melo. According to the defendant, he was at home in the apartment he shared with his brother at the time the robbery occurred speaking on the telephone with Melo, his then-fiancée. The defendant had telephoned Melo at her office. They both recalled that they had spoken that day because they were planning to celebrate Melo's birthday that evening. The defendant also submitted telephone records which confirmed that a six-minute call had been made at 2:49 P.M. on May 28, 1996, from telephone account number 718-348-4548, identified by the defendant and Melo as the telephone number at the apartment, to a telephone number identified by Melo as her office number. The records also indicated that frequent calls were made to the office number during the four-week period covered by the records. The defendant's brother stated that only he, the defendant, and Melo had access to the apartment and that he was at work on May 28, 1996. Further, according to Melo, the defendant's brother never telephoned her at her office.

The defense counsel was retained by the defendant in November 1996. The defendant and Melo advised him that the defendant was home during the afternoon of May 28, 1996. According to Melo, when the defense counsel failed to pursue the matter, she obtained the telephone records which she forwarded to him on February 25, 1997. During argument before the trial court on the People's application to preclude alibi testimony, the defense counsel conceded that he had been informed by the defendant and Melo at least as early as December 1996 of their claim that the defendant was at home when the robbery was

committed. The colloquy before the court suggests that the defense counsel failed to recognize this information as a potential alibi defense since Melo was not actually with the defendant at the time. This prompted an explanation from the court that evidence which demonstrates that a person is at a place other than the scene of the crime constitutes an alibi. While there is no indication that counsel was aware of the defendant's brother as a potential alibi witness until immediately before trial and, therefore, the defense counsel cannot be faulted for failing to timely identify the brother as a witness, the same cannot necessarily be said with respect to the other alibi evidence.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that he or she was deprived of a fair trial by less than meaningful representation; mere disagreement with strategies or tactics will not suffice (*see, People v Flores,* 84 NY2d 184, 187). While the circumstances of a particular case must be reviewed in their totality and as of the time of the representation in assessing counsel's performance (*see, People v Flores, supra,* at 187), a single, substantial error which seriously compromises a defendant's right to a fair trial will constitute ineffective representation (*see, People v Hobot,* 84 NY2d 1021, 1022).

The defendant's motion papers raise a question of fact as to the adequacy of counsel's representation. Consequently, the court should not have summarily denied the motion, but should have conducted a hearing (*see, People v Thomson,* 279 AD2d 644; *People v Shields,* 205 AD2d 833). Altman, J. P., Friedmann, Schmidt and Smith, JJ., concur.

Adams, J., dissents and votes to affirm the order, with the following memorandum: The defendant's CPL 440.10 (1) (h) motion is based on the ground that he was denied his right to the effective assistance of counsel arising from the defense counsel's failure to preserve his alibi defense.

While I agree with the defendant's claim that the Supreme Court erred in denying the motion as procedurally barred under CPL 440.10 (2) (b), reversal of the order is not warranted, as the motion is substantively without merit. In view of the uncertain value of the proposed alibi testimony and the defense counsel's vigorous pursuit of a misidentification defense, it cannot be said that preclusion of the alibi testimony was the result of the defense counsel's ineffective assistance (*see, People v Battle,* 249 AD2d 116; *People v Shaw,* 232 AD2d 174; *People v Alvarez,* 223 AD2d 401). The record, as a whole, reveals that the defense counsel provided meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147).