■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LAUDERDALE, Appellant. [746 NYS2d 163] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 12, 2000, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) vacating the conviction of manslaughter in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment without prejudice to the People to represent any appropriate charges to another grand jury (*see People v Beslanovics,* 57 NY2d 726), and (2) vacating the conviction of criminal possession of a weapon in the second degree, and a new trial is ordered on that count of the indictment.

While a court is not under an obligation to explain the contentions of both parties or outline inconsistencies in the evidence (*see People v Saunders,* 64 NY2d 665; *People v Rogers,* 287 AD2d 524; *People v Gayle,* 281 AD2d 490), its charge must instruct the jury on the relevant principles of law as they relate to the facts of the case. Here, the defendant conceded that the shooting victim was an innocent bystander, and his sole contention was that he was justified in firing his gun to ward off an attack by a third person armed with a champagne bottle. Even though the trial court's justification charge was taken nearly verbatim from the model charge, this alone was insufficient to insure that the jury was informed of all of the relevant principles of law (*see* CPL 300.10 [2]; *People v Andujas,* 79 NY2d 113; *People v Spradley,* 249 AD2d 339; *see also People v Watts,* 57 NY2d 299; *People v Torre,* 42 NY2d 1036; *People v Simmons,* 206 AD2d 550; *People v Primus,* 178 AD2d 565; *People v McGee,* 173 AD2d 861; *People v Ward,* 162 AD2d 566). The test to be used is "whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision" (*People v Ladd,* 89 NY2d 893, 895 [internal quotation marks omitted]; *People v Russell,* 266 NY 147; *see also People v Walton,* 220 AD2d 548; *Cea v Freed,* 178 AD2d 397).

The law regarding justification is well settled. A justification defense is applicable to any use of force, even if that use has unintended consequences (*see People v Magliato,* 68 NY2d 24; *People v Giamanco,* 188 AD2d 547; *People v Johnson,* 125 AD2d 493). In that regard, a justification charge is available to a defendant even where an innocent bystander is harmed (*see People v Sierra,* 231 AD2d 907; *People v Reid,* 176 AD2d 828; *People v Morris,* 109 AD2d 413; *see also People v Gutierrez,* 105 AD2d 754). A court is obliged to give a justification charge whenever the evidence, reasonably viewed in the light most favorable to the defendant, supports the charge (*see People v Cox,* 92 NY2d 1002; *People v Padgett,* 60 NY2d 142; *People v Torres,* 288 AD2d 406).

The relevant portion of the model charge on justification reads that "[t]he first duty of the jury when a defense of self-defense is raised is to determine who was the initial aggressor, *the victim or the defendant*" (1 CJI[NY] 35.15 [2] [a], at 868 [emphasis supplied]). Here, the court's reading of the model charge effectively precluded the jury from considering whether the defendant was justified in acting in order to defend himself against *a third person* wielding a champagne bottle (*see People v Morgan,* 290 AD2d 566). Moreover, this error was not harmless, since the defendant's case completely rested on his contention that he was justified in responding to the threat of deadly force from the third person (*see People v Wesley,* 76 NY2d 555; *People v Morgan, supra*).

Since the jury acquitted the defendant of the murder charges, this Court is without the power to order a new trial on the lesser included offenses (*see People v Gonzalez,* 61 NY2d 633; *People v Beslanovics, supra*; *People v Flores,* 276 AD2d 710). Therefore, the conviction of manslaughter in the first degree must be vacated, without prejudice to the People to re-present any appropriate charges to another grand jury.

The defendant was also deprived of a fair trial by the prosecutor's 31 references to the defendant's highly prejudicial nickname, "Homicide" (*see People v Santiago,* 255 AD2d 63; *People v Ramos,* 139 AD2d 775; *see also, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264; *People v Ross,* 227 AD2d 651). In that regard, he was deprived of the effective assistance of counsel by, among other things, his attorney's failure to object to any of these references (*see Murray v Carrier,* 477 US 478; *United States v Cronic,* 466 US 648; *People v Delarosa,* 287 AD2d 735; compare *People v Tonge,* 93 NY2d 838; *People v Hobot,* 84 NY2d 1021; *People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137; *People v Brown,* 266 AD2d

838). Therefore, the defendant is entitled to a new trial on the count of the indictment charging criminal possession of a weapon in the second degree. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.