People v Lundy (2018 NY Slip Op 04164)





People v Lundy


2018 NY Slip Op 04164


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


621 KA 16-01176

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD LUNDY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered April 28, 2015. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentence shall run concurrently with the sentences imposed under superior court information Nos. I-13-0480-1 and I-14-0579-1 and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal Nos. 2 and 3, he appeals from judgments convicting him, upon his pleas of guilty, of burglary in the third degree (§ 140.20). Preliminarily, in each appeal we agree with defendant that he did not validly waive his right to appeal. His written waivers of the right to appeal were not accompanied by a colloquy sufficient to establish that the waivers were knowingly, voluntarily, and intelligently made (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Hibbard, 148 AD3d 1538, 1539 [4th Dept 2017]).
Defendant did not preserve for our review his contention in each appeal that County Court abused its discretion in failing to discharge him from a drug treatment program after 18 months of participation in that program (see generally CPL 470.05 [2]). His further contention that the court abused its discretion by terminating him from that program and imposing a prison sentence is without merit. Trial courts have "broad discretion when supervising a defendant subject to [a drug treatment program], and deciding whether the conditions of a [drug treatment program] plea agreement have been met" (People v Fiammegta, 14 NY3d 90, 96 [2010]; see generally CPL 216.05 [9] [c]). The record establishes that, although defendant made progress during his first year in treatment, he then failed a drug test, lied to both the court and his treatment provider about his job search, and was subsequently arrested and charged with felony driving while intoxicated. Under these circumstances, we cannot conclude that the court abused its discretion in terminating his participation in the drug treatment program (see generally People v Peck, 100 AD3d 1520, 1521 [4th Dept 2012], lv denied 20 NY3d 1102 [2013]).
We agree with defendant in each appeal, however, that the imposition of consecutive indeterminate sentences of imprisonment, with an aggregate sentence of 6 to 18 years, is unduly harsh and severe under the circumstances. This Court's " sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court' " (People v Meacham, 151 AD3d 1666, 1670 [4th Dept 2017], lv denied 30 NY3d 981 [2017], quoting People v Delgado, 80 NY2d 780, 783 [1992]). Here, as a matter of discretion in the interest of justice, we modify the judgments by directing that the terms of imprisonment imposed in all [*2]three appeals shall run concurrently with each other (see generally CPL 470.20 [6]; People v Prather, 249 AD2d 954, 955 [4th Dept 1998], lv denied 92 NY2d 859 [1998]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court