People v Wood (2018 NY Slip Op 05422)





People v Wood


2018 NY Slip Op 05422


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


799 KA 15-00920

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY WOOD, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, PENFIELD, FOR DEFENDANT-APPELLANT. 
TIMOTHY WOOD, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 24, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal possession of a weapon in the second degree under count two of the indictment and menacing in the second degree under count three of the indictment and as modified the judgment is affirmed, and a new trial is granted on those counts.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of menacing in the second degree (§ 120.14 [1]), defendant contends that a supplemental instruction provided by Supreme Court in response to a jury note constituted an abuse of discretion. We agree. Therefore, we modify the judgment by reversing those parts convicting him of CPW in the second degree and menacing in the second degree under the second and third counts of the indictment, respectively, and we grant him a new trial on those counts.
On a summer day in 2012, defendant ate breakfast at a restaurant on Monroe Avenue in the City of Rochester. Displeased with the cost of the breakfast, he complained loudly to the restaurant's staff and became belligerent. One member of the staff (complainant) asked him to leave. Weeks later, defendant returned to the restaurant and approached the complainant. According to the complainant's trial testimony, defendant pulled a gun from his waistband, pointed it at the complainant, and demanded sexual favors from other members of the restaurant's staff as compensation for the cost of the breakfast. The complainant again asked defendant to leave the restaurant. Defendant did so, and walked to a nearby convenience store. The police apprehended him there and discovered an antique French pistol in his waistband. The pistol was loaded with nine rounds and had one round in the chamber.
Thereafter, a grand jury indicted defendant. The first count of the indictment charged him with CPW in the second degree on the ground that he possessed a loaded firearm and was not in his home or place of business (see Penal Law § 265.03 [3]). The second count charged him with CPW in the second degree on the ground that he possessed a loaded firearm with the intent to use it unlawfully against another (see § 265.03 [1] [b]). The third count charged him with menacing in the second degree on the ground that, by displaying the firearm, he intentionally placed or attempted to place another person in reasonable fear of physical injury, serious physical injury, or death (see § 120.14 [1]).
At trial, defendant testified that the gun had belonged to his grandfather, who was a veteran of World War II. On the day of the incident, defendant was transporting the gun in his truck to another family member, also a war veteran. He decided to stop at a bar near the restaurant, but he kept the gun on his person so that no one could steal it from his truck. After the bar closed, defendant noticed the complainant inside the restaurant. Defendant testified that he was remorseful about their initial confrontation, so he went inside the restaurant to make amends with the complainant. After he entered the restaurant, the complainant insulted him, so defendant insulted the complainant back and left the restaurant. Defendant denied that he displayed the gun.
During its deliberations, the jury sent the court a note requesting clarification of the terms "intent" and "unlawfully" as they are used in Penal Law § 265.03 (1). With respect to those terms, the jury asked: "Does that mean when he put the gun in his waistband, when he stepped out of the car or when he pulled it out of his pants or at any point in time he was in possession of the gun?" The court recessed for the evening without responding to the note. The next morning, the jury sent an additional note asking the court to read back any testimony about the interaction in the restaurant between defendant and the complainant. The prosecutor then asked the court to instruct the jury, pursuant to Penal Law § 265.15 (4), that possession of a loaded firearm is presumptive evidence of intent to use it unlawfully against another. Defense counsel objected. Defense counsel noted that the prosecutor had not previously requested that instruction, and argued that it would be error for the court to read the instruction for the first time at that stage of the proceedings because defense counsel no longer had the opportunity to address the presumption of intent in his summation. The court overruled the objection and instructed the jury: "I have decided to give you another legal instruction and what I would like you to do is[,] after you hear this legal instruction, we're going to send you back. If you want us to [read back the requested testimony,] actually we're going to continue to do it. If you don't want it, tell us, send a note out telling us, but let me read you this. The possession of a loaded firearm is presumptive evidence of intent to use the same unlawfully against another. What that means is that if the People have proven beyond a reasonable doubt that defendant possessed a loaded firearm, then you may, but are not required to, infer from the fact that he did so with the intent to use the same unlawfully against another." The jury resumed its deliberations and, within two minutes, wrote the court a note stating that no additional information was necessary and that it had reached a verdict.
The Criminal Procedure Law allows the jury to ask the court to clarify an instruction "[a]t any time during its deliberation" (CPL 310.30). Upon receiving such a request, the court must " perform the delicate operation of fashioning a response which meaningfully answer[s] the jury's inquiry while at the same time working no prejudice to the defendant' " (People v Brewer, 118 AD3d 1409, 1413 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]; see People v Miller, 288 AD2d 698, 700 [3d Dept 2001]). "[T]he court has significant discretion in determining the proper scope and nature of the response" (People v Taylor, 26 NY3d 217, 224 [2015]). In determining whether the court's response constituted an abuse of discretion, " [t]he factors to be evaluated are the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the [information] actually given and the presence or absence of prejudice to the defendant' " (id., quoting People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]).
We conclude that the court failed in its duty to fashion a response that meaningfully answered the jury's question and to avoid prejudicing defendant. The jury notes demonstrate that the jury had thoughtful questions about intent and was carefully weighing the conflicting testimony of the witnesses to determine whether and when defendant in fact formed the intent to use the gun unlawfully against another. The court, however, instructed the jury that defendant's possession of the gun was presumptive evidence of intent to use it unlawfully, and that the jury may not need or want to consider additional evidence in light of that presumption. That answer was not responsive to either note. Moreover, the court's response prejudiced defendant by introducing new principles of law after summations, when defense counsel no longer had the opportunity to argue that, despite the presumption, the evidence established that defendant lacked the requisite intent (see Brewer, 118 AD3d at 1413; see generally People v Sierra, 231 AD2d 907, 908 [4th Dept 1996]).
We further conclude that the error is not harmless. Even assuming, arguendo, that the [*2]proof of guilt is overwhelming, we cannot conclude that there is no significant probability that defendant would have been acquitted on the second and third counts if the court had not abused its discretion in responding to the jury notes (cf. People v Nevins, 16 AD3d 1046, 1047 [4th Dept 2005], lv denied 4 NY3d 889 [2005], cert denied 548 US 911 [2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Nevertheless, we reject defendant's contention that the foregoing error compels reversal of that part of the judgment convicting him of CPW in the second degree under the first count of the indictment. The crime charged under that count does not require intent (see Penal Law § 265.03 [3]), and defendant's trial testimony established every element of that crime. The jury notes focused on the second and third counts and the legal definition of intent, and made no reference to the first count or its elements. Thus, there was no " reasonable possibility' that the jury's decision to convict on the tainted counts[, i.e., counts two and three,] influenced its guilty verdict in a meaningful way' " on the first count (People v Doshi, 93 NY2d 499, 504-505 [1999], quoting People v Baghai-Kermani, 84 NY2d 525, 532-533 [1994]).
Defendant failed to preserve for our review the further contention in his main and pro se supplemental briefs that the court erred in failing to conduct an inquiry of the jury foreperson inasmuch as he did not request that the court make an inquiry of her or move to discharge her (see People v Quinones, 41 AD3d 868, 868 [2d Dept 2007], lv denied 9 NY3d 1008 [2007]), and we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The sentence with respect to count one of the indictment is not unduly harsh or severe. Finally, we conclude that the additional contentions in defendant's pro se supplemental brief do not require reversal or further modification of the judgment.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court